IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| ERIC A. TERRILL, | § | |
| --- | --- | --- |
| Plaintiff, | § § § | |
| v. | § § | CASE NO. 4:19-cv-00531-ALM |
| UNITED REVENUE CORPORATION | § § § | |
| Defendant. | § | |

**DEFENDANT UNITED REVENUE CORPORATION'S ORIGINAL ANSWER TO PLAINTIFF ERIC A. TERRILL'S COMPLAINT, AND ORIGINAL COUNTERCLAIM**

Defendant United Revenue Corporation ("URC" or "Defendant") files this Original Answer to Plaintiff Eric A. Terrill's ("Plaintiff") Complaint and states as follows:

**I.
SPECIFIC RESPONSES TO PLAINTIFF'S COMPLAINT**

URC answers each of the numbered paragraphs in Plaintiff's Complaint with the corresponding subpart titles and paragraph numbers below.

**NATURE OF ACTION**

1.  URC admits that Plaintiff filed his Complaint against URC purporting to assert claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Texas Debt Collection Act ("TDCA"), Chapter 392 Tex. Fin. Code. Except insofar as admitted herein, the allegations of Paragraph 1 of the Complaint are denied.

**DEFENDANT UNITED REVENUE CORPORATION'S ORIGINAL ANSWER TO
PLAINTIFF ERIC A. TERRILL'S COMPLAINT, AND ORIGINAL COUNTERCLAIM**

Page 1

## JURISDICTION AND VENUE

2. URC denies that Plaintiff has any valid claim against URC and, therefore, subject matter jurisdiction is not conferred upon this Court as no cognizable action has arisen under the laws of the United States. Further, Paragraph 2 of the Complaint contains no allegations, but rather legal conclusions, thus no response by URC is necessary. To the extent a response is necessary, URC denies the allegations in Paragraph 2 of the Complaint.

3. URC denies that Plaintiff has any valid claim against URC and, therefore, venue is not proper to bring such claims. URC admits that it transacts business in the Eastern District of Texas. URC is without sufficient information to admit or deny whether Plaintiff resides in the Eastern District of Texas. Except insofar as admitted herein, URC denies the allegations in Paragraph 3, including without limitation, that Plaintiff has any valid claim against URC and venue is proper.

## PARTIES

4. URC is without sufficient information to admit or deny Plaintiff's contentions in Paragraph 4 of the Complaint. Paragraph 4 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response is required, it is denied.

5. URC admits it is an entity in the business of appropriately and lawfully collecting debts and that its principal office is located at 204 Billings, Suite 120, Arlington, Texas 76010.

6. URC admits it is an entity in the business of appropriately and lawfully collecting debts. Paragraph 6 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response is required, and except insofar as admitted herein, the allegations of Paragraph 6 of the Complaint are denied.

## FACTS SUPPORTING CAUSES OF ACTION

7. URC admits that Plaintiff allegedly defaulted on a consumer debt. Except insofar as admitted herein, the allegations in Paragraph 7 of the Complaint are denied.

8. URC admits it was referred Plaintiff's debt. Except insofar as admitted herein, the allegations in Paragraph 8 of the Complaint are denied.

9. URC admits that it has called the telephone number (469) XXX-5049. Except insofar as admitted herein, URC denies the remaining allegations in Paragraph 9 of the Complaint.

10. URC is without sufficient information to admit or deny the allegations in Paragraph 10 of the Complaint, and therefore denies the same.

11. URC denies the allegations in Paragraph 11 of the Complaint.

12. Without a time or date of Plaintiff's alleged demand, URC is without sufficient information to admit or deny the allegations in Paragraph 10 of the Complaint, and therefore denies the same.

13. URC denies the allegations in Paragraph 13 of the Complaint.

14. URC denies the allegations in Paragraph 14 of the Complaint.

15. URC denies the allegations in Paragraph 15 of the Complaint.

16. URC denies the allegations in Paragraph 16 of the Complaint.

17. URC denies the allegations in Paragraph 17 of the Complaint.

18. URC is without sufficient information to admit or deny the allegations in Paragraph 18 of the Complaint, and therefore denies the same.

19. URC denies the allegations in Paragraph 19 of the Complaint.

20. URC denies the allegations in Paragraph 20 of the Complaint.

21. URC admits that it has used a telephone dialing service. Except insofar as admitted herein, URC denies the remaining allegations in Paragraph 21 of the Complaint.

22. URC admits that the telephone number (844) 640-4477 is associated with URC. Except insofar as admitted herein, URC denies the remaining allegations in Paragraph 22 of the Complaint.

23. URC denies the allegations in Paragraph 23 of the Complaint.

**DAMAGES**

24. URC denies the allegations in Paragraph 24 of the Complaint.

25. URC denies that it has acted unfairly. URC is without sufficient information to admit or deny the remaining allegations in Paragraph 25 of the Complaint, and therefore denies the same.

26. URC denies the allegations in Paragraph 26 of the Complaint.

27. URC denies the allegations in Paragraph 27 of the Complaint.

**COUNT I - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

28. URC incorporates by reference its responses to Paragraphs 1-27 of the Complaint as though fully set forth herein. Paragraph 28 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response is required, it is denied.

29. URC does not believe Paragraph 29 of the Complaint requires any response as it contains no allegations against or related to URC. To the extent Paragraph 29 of the Complaint contains allegations requiring a response, URC denies those allegations.

30. URC does not believe Paragraph 30 of the Complaint requires any response as it contains no allegations against or related to URC, but instead a legal conclusion. To the extent Paragraph 30 of the Complaint contains allegations requiring a response, URC denies those allegations.

31. Paragraph 31 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response is required, it is denied.

32. Paragraph 32 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response is required, it is denied.

33. URC admits that it uses the telephone to attempt to collect debts. The remainder of Paragraph 33 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response is required, it is denied.

34. URC admits the allegations in Paragraph 34 of the Complaint.

35. URC denies the allegations in Paragraph 35 of the Complaint, including without limitation, that URC violated the FDCPA or engaged in unlawful conduct.

    a. **Violations of FDCPA § 1692c**

36. URC denies the allegations in Paragraph 36 of the Complaint.

37. URC denies the allegations in Paragraph 37 of the Complaint.

38. URC admits that Plaintiff asked that URC not call Plaintiff's telephone but denies that URC called Plaintiff thereafter. Except insofar as admitted herein, URC denies the allegations in Paragraph 38 of the Complaint.

    b. **Violations of FDCPA § 1692d**

39. URC denies the allegations in Paragraph 39 of the Complaint.

40. URC denies the allegations in Paragraph 40 of the Complaint.

    c. **Violations of FDCPA § 1692f**

41. URC denies the allegation in Paragraph 41 of the Complaint.

42. URC denies the allegations in Paragraph 42 of the Complaint.

    d. **Violations of FDCPA § 1692g**

43. URC denies the allegation in Paragraph 43 of the Complaint.

44. URC denies the allegations in Paragraph 44 of the Complaint.

45. URC denies the allegations in Paragraph 45 of the Complaint.

46. URC denies the allegations in Paragraph 46 of the Complaint.

47. URC denies the allegations in Paragraph 47 of the Complaint.

48. URC denies the allegations in Paragraph 48 of the Complaint.

**COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

49. URC incorporates by reference its responses to Paragraphs 1-48 of the Complaint as though fully set forth herein. Paragraph 49 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response is required, it is denied.

50. URC denies the allegations in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response is required, it is denied.

52. URC admits that it has used a telephone dialing service. Except insofar as admitted herein, URC denies the remaining allegations in Paragraph 52 of the Complaint.

53. URC admits that it has used a telephone dialing service. Except insofar as admitted herein, URC denies the remaining allegations in Paragraph 53 of the Complaint.

54. URC denies the allegations in Paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response is required, it is denied.

56. URC denies the allegations in Paragraph 56 of the Complaint.

57. URC denies the allegations in Paragraph 57 of the Complaint.

58. URC denies the allegations in Paragraph 58 of the Complaint.

59. URC denies the allegations in Paragraph 59 of the Complaint.

60. URC denies the allegations in Paragraph 60 of the Complaint.

## COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

61. URC incorporates by reference its responses to Paragraphs 1-60 of the Complaint as though fully set forth herein. Paragraph 61 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response is required, it is denied.

62. Paragraph 62 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response is required, it is denied.

63. Paragraph 63 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response is required, it is denied.

64. Paragraph 64 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response is required, it is denied.

    a.    **Violations of TDCA § 391.302**

65. Paragraph 65 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response is required, it is denied.

66. URC denies the allegations in Paragraph 66 of the Complaint.

67. URC denies the allegations in Paragraph 67 of the Complaint.

68. URC denies the allegations in Paragraph 68 of the Complaint.

## II.
## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

69. The Complaint fails to state a claim upon which relief can be granted against URC.

## SECOND AFFIRMATIVE DEFENSE

70. URC's conduct was privileged and/or justified.

## THIRD AFFIRMATIVE DEFENSE

71. Plaintiff's claims are barred because any alleged acts or omissions of URC giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by URC to avoid any such acts or omissions. URC at all times acted in a reasonable manner in connection with the transactions at issue in this action.

## FOURTH AFFIRMATIVE DEFENSE

72. Plaintiff's claims are barred because URC at all times complied in good faith with all applicable statutes and regulations.

## FIFTH AFFIRMATIVE DEFENSE

73. Plaintiff's claims are barred because the acts or omissions of which Plaintiff complains have been approved and/or mandated, implicitly or expressly, by applicable statutes and regulations.

## SIXTH AFFIRMATIVE DEFENSE

74. URC specifically denies that it acted with any unfair or unconscionable means, oppression, false, deceptive, or misleading representation, harassment, or abuse toward Plaintiff or others.

## SEVENTH AFFIRMATIVE DEFENSE

75. Plaintiff has not suffered any damages as a result of any alleged acts or omissions of URC.

DEFENDANT UNITED REVENUE CORPORATION'S ORIGINAL ANSWER TO
PLAINTIFF ERIC A. TERRILL'S COMPLAINT, AND ORIGINAL COUNTERCLAIM

Page 8

### EIGHTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims are barred because his damages, if any, were caused by his own acts or omissions, or the acts or omissions of third parties for whom URC is not responsible.

### NINTH AFFIRMATIVE DEFENSE

77. All actions of URC complied with the FDCPA, TCPA and TDCA.

### TENTH AFFIRMATIVE DEFENSE

78. URC asserts the affirmative defense of "bona fide error" as provided by 15 U.S.C. §1692k(c), which provides that "a debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."

### ELEVENTH AFFIRMATIVE DEFENSE

79. Under 15 U.S.C. § 1692k(a)(3), URC reserves the right to seek its reasonable attorney's fees and costs should this Court find that Plaintiff's actions were brought in bad faith and for the purpose of harassment.

### TWELFTH AFFIRMATIVE DEFENSE

80. Under Texas Finance Code § 392.403(c), URC reserves the right to seek its reasonable attorney's fees and costs should this Court find that Plaintiff's actions were brought in bad faith and for the purpose of harassment.

### THIRTEENTH AFFIRMATIVE DEFENSE

81. URC specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert such defenses.

# III.
# COUNTERCLAIM

URC files this Counterclaim against Plaintiff and would respectfully show the Court as follows:

## PARTIES, JURISDICTION, AND VENUE

82. URC is a Texas corporation with its principal place of business in Arlington, Texas. URC conducts business in Texas.

83. Plaintiff purports to be a person residing in the Eastern District of Texas.

84. This Court has original jurisdiction of the claims and parties under 28 U.S.C. §§ 1331 and 1367.

85. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas.

## FACTS

86. On or around October 27, 2018, Plaintiff sought medical treatment.

87. Prior to receiving medical treatment, Plaintiff signed a contract titled "Conditions of Admission/Registration Treatment Authorization and Financial Responsibility" (the "<u>Contract</u>").

88. Plaintiff signed the Contract on October 27, 2018.

89. The Contract provides that, should Plaintiff's account be referred to an attorney or collection agency for collection, Plaintiff will pay actual attorney's fees and collection expenses incurred, among other things.

90. Plaintiff defaulted on his payments required under the Contract and Plaintiff's debt was referred to URC for collection.

91. Plaintiff's debt owed under the Contract is the debt made the subject of Plaintiff's Original Complaint.

92. URC has incurred collection costs and attorney's fees in its attempts to collect on Plaintiff's debt owed under the Contract for which Plaintiff is responsible.

## COUNT ONE – BREACH OF CONTRACT

93. URC incorporates herein Paragraphs 82-92 the same as if fully set forth.

94. The Contract is a valid and binding contract.

95. URC has performed, tendered performance, or was excused from performing its obligations under the Contract.

96. URC has incurred collection costs and attorney's fees through its collection efforts for which Plaintiff is responsible under the express terms of the Contract.

97. Plaintiff has breached the Contract by failing to pay URC for its collection costs and attorney's fees incurred through URC's collection efforts.

98. As a result of Plaintiff's breach of the Contract, URC has suffered damages.

## IV.
## REQUEST FOR RELIEF

WHEREFORE, URC prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint;

2. That the Court enter judgment in URC's favor on its Breach of Contract claim;

3. For its costs of suit herein;

4. For attorney's fees according to proof; and

5. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ Zachary C. Farrar*
David J. Drez III
State Bar No. 24007127
david.drez@wickphillips.com
Zachary C. Farrar
State Bar No. 24093418
zachary.farrar@wickphillips.com

**WICK PHILLIPS GOULD & MARTIN, LLP**
100 Throckmorton Street, Suite 1500
Fort Worth, Texas 76102
Telephone: 817.332.7788
Facsimile: 817.332.7789

**ATTORNEYS FOR DEFENDANT UNITED REVENUE CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following party pursuant to the Federal Rules of Civil Procedure on August 26, 2019, as follows:

Alexander J. Taylor
Marwan R. Daher
Omar T. Sulaiman
SULAIMAN LAW GROUP, LTD.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com

*Counsel for Plaintiff*

*/s/ Zachary C. Farrar*
Zachary C. Farrar