**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| ERIC A. TERRILL, <br><br> Plaintiff, <br><br> v. <br><br> UNITED REVENUE CORPORATION, <br><br> Defendant. | Case No. 4:19-cv-00531 <br><br> Honorable Sean D. Jordan <br><br> Honorable Magistrate Kimberly C. Priest Johnson |

**JOINT REPORT OF ATTORNEY CONFERENCE**

Pursuant to Fed. R. Civ. P. 26(f) and this Court's December 18, 2019 Order (Dkt. #15), the parties submit the following Report of Attorney Conference.

**1.  A brief factual and legal synopsis of the case.**

<u>Plaintiff</u>: Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692. Plaintiff alleges that Defendant violated the FDCPA by continuously placing phone calls to Plaintiff's phone after being notified to stop. Plaintiff brings Count II of his Complaint for Defendant's violations of the Telephone Consumer Protection Act ("TCPA") Plaintiff alleges Defendant violated the TCPA by placing numerous unwanted phone calls to his cellular phone using an Automated Telephone Dialing System ("ATDS"). Plaintiff brings Count III of his Complaint for Defendant's violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392 for systematically placing repeated and continuous calls to Plaintiff's cellular phone in effort to harass him into making an immediate payment.

<u>Defendant</u>: Defendant denies Plaintiff's allegations that Defendant impermissibly

called Plaintiff's phone. Plaintiff expressly consented to Defendant contacting Plaintiff by telephone at the number Plaintiff provided to the original creditor. All calls made by Defendant to Plaintiff were with the consent of Plaintiff. At no time did Defendant call Plaintiff after Plaintiff withdrew his consent to be contacted by phone.

2. **The jurisdictional basis for this suit.**

   Federal question jurisdiction is based on the FDCPA, TCPA, and pursuant to 28 U.S.C. §§1331 and 1337.

3. **A list of the correct names of the parties to this action and any anticipated additional or potential parties.**

   | Plaintiff: | Defendant: |
   |---|---|
   | ERIC A. TERRILL | UNITED REVENUE CORPORATION |

   The parties do not anticipate adding any parties at this time.

4. **A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases.**

   None.

5. **Confirm that initial mandatory disclosure required by Rule 26(a)(1) and this order has been completed.**

   Initial mandatory disclosure required by Rule 26(a)(1) and the Court's December 18, 2019 Order Governing Proceedings [Doc. 15] has been completed.

6. **Proposed scheduling order deadlines.**

   The following actions shall be completed by the date indicated.

   | | |
   |---|---|
   | **February 27, 2020** | Deadline for motions to transfer. |
   | **April 2, 2020** | Deadline to add parties. |
   | **6 weeks prior to mediation deadline** | Deadline by which the parties shall notify the Court of the name, address, |

| | |
|---|---|
| | and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one. |
| **April 30, 2020** | Plaintiff's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b). |
| **May 14, 2020** | Deadline for Plaintiff to file amended pleadings (A motion for leave to amend is required.) |
| **May 28, 2020** | Defendant's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b). |
| **May 28, 2020** | Deadline for Defendant to file amended pleadings (A motion for leave to amend is required.) |
| **6 weeks after disclosure of an expert is made** | Deadline to object to any other party's expert witnesses. Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection. |
| **September 8, 2020** | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |
| **August 6, 2020** | All discovery shall be commenced in time to be completed by this date. |
| **December 16, 2020** | Notice of intent to offer certified records. |
| **December 16, 2020** | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order |

|  |  |
|---|---|
|  | and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases). |
| **December 23, 2020** | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which can not be resolve shall be presented to the court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties designations and the court's ruling on objections. |
| **December 28, 2020** | Motions in limine due.  File Joint Pretrial Order (*See* www.txed.uscourts.gov). |
| **January 13, 2021** | Responses to motions in limine due. File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order. (This does not extend to object to expert witnesses.)  File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). |
| **Date will be set by Court. Usually within 10 days prior to final pretrial conf.** | If numerous objections are filed the court may set a hearing to consider all pending motions and objections. |
| **January 27, 2021** | Final Pretrial Conference at 9:00 a.m. at Courtroom 105, 7940 Preston Road, Plano, Texas 75024.  Date parties should be prepared to try case. All cases on the Court's Final Pretrial Conference |

4

|  |  |
|---|---|
|  | docket for this day have been set at 9:00 a.m. However, prior to the Final Pretrial Conference date, the Court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case, depending on which cases remain on the Court's docket. |
| **To be determined** | 9:30 a.m. Jury selection and trial (or bench trial) at Courtroom 105, 7940 Preston Road, Plano, Texas 75024. Cases that remain for trial following the Court's Pretrial docket will be tried between February 1, 2021, and February 26, 2021. A specific trial date in this time frame will be selected at the Final Pretrial Conference. |

**7.     Describe in accordance with Rule 26(f):**

**(i)     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

The Parties believe that discovery will be conducted by depositions, Interrogatories, Requests for Admission, and Requests for Production of Documents. The Parties further believe that discovery should not be conducted in phases or be limited to or focused on particular issues. The Parties expect discovery to be completed on or before June 30, 2020. The Parties anticipate engaging in discovery on at least the following topics:

- Plaintiff's claims and causes of action in Plaintiff's live pleading.
- Defendant's defenses in Defendant's live pleading.
- Communications between the Parties.
- Plaintiff's alleged debt.

- Defendant's handling/servicing of Plaintiff's alleged debt.

The Parties reserve the right to conduct discovery on topics not listed herein.

**(ii)** **Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report;**

The Parties agree to preserve documents in accordance with the Federal Rules of Civil Procedure, including electronically-stored information. The parties also believe that ESI will be limited given the nature of the claim and agree that records will be produced in PDF or other agreeable format and that audio recordings will be produced in any agreed upon format.

**(iii)** **Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order.**

A party claiming that any item within the scope of discovery is protected as either privileged or as trial-preparation material, pursuant to Fed. R. Civ. P. 26(b)(5), shall submit a detailed privilege log detailing the nature of the privilege or the basis for the item's or items' protection as trial preparation material. If a party becomes aware of a privileged document having been produced the parties shall comply with Fed. R. Civ. P. 26(b)(5)(B).

**(iv)** **Any changes that should be made in the limitation on discovery imposed by the Rules, whether federal or local, and any limitations that should be imposed; and**

        No changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules.

  **(v)**    **Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b) or (c).**

        No orders should be issued at this time under Fed. R. Civ. P. 26(c) or 16 (b) or (c).  Should the parties require a protective order, they will jointly submit a stipulated version, or move separately if they are unable to agree upon a format.

**8.**    **State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator, and a proposed deadline for mediation.  An early date is encouraged to reduce expenses.  The Court will appoint a mediator if none is agreed upon.**

        Plaintiff is in favor of early resolution and will tender a settlement demand to Defendant in furtherance of the same. The parties have not agreed upon a mediator.

**9.**    **The identity of persons expected to be deposed.**

Plaintiff anticipates taking the Rule 30(b)(6) deposition of Defendant. Defendant anticipates taking the Plaintiff's deposition.

**10.**    **Estimated trial time and whether a jury demand has been timely made.**

2 days.  Plaintiff made a timely jury demand in his Complaint.

**11.**    **The names of the attorneys who will appear on behalf of the parties at the management conference.**

Marwan R. Daher on behalf of Plaintiff.
Zachary C. Farrar on behalf of Defendant.

**12.**    **Whether the parties jointly consent to trial before a magistrate judge.**

The parties do not jointly consent to trial before a magistrate judge.

13. **Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference.**

None.

| | |
|---|---|
| DATED: January 20, 2020 | Respectfully submitted, |
| **Eric A. Terrill** | **United Revenue Corporation** |
| By: */s/ Marwan R. Daher* | By: */s/ Zachary C. Farrar* |
| Marwan R. Daher<br>SULAIMAN LAW GROUP, LTD.<br>2500 South Highland Avenue, Suite 200<br>Lombard, Illinois 60148<br>(630) 575-8181<br>mdaher@sulaimanlaw.com | Zachary C. Farrar<br>WICK PHILLIPS GOULD & MARTIN, LLP<br>100 Throckmorton Street, Suite 1500<br>Fort Worth, Texas 76102<br>(817) 332-7788<br>zachary.farrar@wickphillips.com |